### STATE OF LOUISIANA *v.* MAITREMME.

The written or verbal statements of a prosecutor, are considered as merely hearsay evidence, and not admissible, except to rebut his declarations on the witness stand, or when received after his death in a case of homicide, as dying declarations.

APPEAL from the District Court of the Parish of St. John the Baptist, *Duffel,* J. *W. C. Lawes,* District Attorney, for the State. *H. St. Paul,* for defendant and appellant.

VOORHIES, J. The defendant was prosecuted for the offence of stabbing and thrusting, with a dangerous weapon, with intent to murder. The jury returned a verdict of guilty for assault and battery; and the District Judge passed sentence accordingly.

The case is brought up on a bill of exception to the ruling of the inferior court, refusing to admit in evidence a letter written by the prosecutor, who, it appears, died previously to the trial; and also to permit a witness to testify to conversations held with the deceased prosecutor. This ruling was correct. The written and verbal statements of a prosecutor, are merely *hearsay,* and can be received in evidence only for rebutting his declarations on the witnesses' stand, or when they come within the category of dying declarations.

But, in the present instance, the statements of the prosecutor or injured party, are not offered as dying declarations, nor as discrediting evidence. Indeed, they could not be tendered for either of these purposes, as the question was not one of homicide; and, the prosecutor having died previously to the trial, there could have been no occasion to discredit his testimony. The defendant contends that they are original evidence, as emanating from a party interested.

This is a mistake. The injured party, in a criminal prosecution, is a mere witness: the State is the plaintiff, and the accused, the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.